# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SPRING COATING SYSTEMS-AMERICAS CORP. (D/B/A SPRING COATING SYSTEMS USA AND SPRING COATING SYSTEMS),<br><br>    Plaintiff,<br>v.<br><br>NSX OPERATING CO., LLC,<br><br>    Defendant. | CIVIL ACTION NO.<br>____-CV-_____ |

## NOTICE OF REMOVAL

Defendant NSX Operating Co., LLC ("NSX"), pursuant to 28 U.S.C. §§ 1331, 1338, and 1442 submits this Notice of Removal to remove the action commenced by Plaintiff Spring Coating Systems-Americas Corp. (d/b/a/ Spring Coating Systems USA and Spring Coating Systems) ("SCS") in the Superior Court of Fulton County, Georgia, styled *Spring Coating Systems-Americas Corp. (d/b/a Spring Coating Systems USA and Spring Coating Systems) v. NSX Operating Co., LLC*, Civil Action No. 25-cv-014681 (Sup. Ct. Ga.) ("the State Court Action") to the United States District Court for the Northern District of Georgia. In support of this Notice of Removal, NSX states as follows:

1. On October 21, 2025, SCS filed the State Court Action.

2. NSX accepted service of the Complaint by stipulation as of October 24, 2025. A true and correct copy of the Complaint (with exhibits) served on NSX in the State Court Action is attached as **Exhibit A**.

3. Attached hereto as **Exhibit B** is a true and correct copy of the summons.

4. Attached hereto as **Exhibit C** is a true and correct copy of the state court Case Initiation Form.

5. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1) in that thirty (30) days have not expired since October 24,

1

2025, the date on which NSX accepted service of the Complaint.

6. The allegations in the State Court Action relate to a pending patent infringement case between the parties in the United States District Court for the Eastern District of Pennsylvania, styled *NSX Operating Co., LLC v. Spring Coating Systems-Americas Corp. (d/b/a Spring Coating Systems USA and Spring Coating Systems)*, Case No. 2:25-cv-02129-GAW (E.D. Pa.) ("Patent Infringement Action"), where NSX sued SCS for infringement of U.S. Patent No. 9,897,921 ("the '921 patent") and SCS lodged counterclaims of non-infringement and invalidity. The Complaint in the Patent Infringement Action is attached as **Exhibit D**, and SCS's Answer with Counterclaims are attached as **Exhibit E**.

7. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1331 and 1338, which provide for removal of civil actions arising under the laws of the United States, including claims for relief arising under any Act of Congress relating to patents. Removal is proper under 28 U.S.C. §§ 1331 and 1338 because SCS's claim for relief necessarily requires resolution of a substantial question of federal patent law. 28 U.S.C. § 1338 ("No State Court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents").

8. This Notice of Removal is also filed pursuant to 28 U.S.C. § 1442 because NSX's title to the '921 patent is derived from a federal officer/agency, the

Director of the United States Patent & Trademark Office (USPTO), and the State Court Action turns on the validity of the federal patent laws providing for the scope of enforcement that federal patent rightsholders can assert.

9. Each ground of removal offers a sufficient basis for removal to the United States District Court for the Northern District of Georgia.

**Removal Pursuant to 28 U.S.C. §§ 1331 and 1338**

10. In accordance with §§ 1331 and 1338, this case is removable to this Court on the ground that SCS's claims in the State Court Action arise under federal law. *See Gunn v. Minton*, 568 U.S. 251, 257–258 (2013) ("[A] federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupt[ion of] the federal-state balance approved by Congress."); *see also Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 216 (2005) (removal is proper if "it is plain that a controversy respecting the construction and effect of the [federal] laws is involved and is sufficiently real and substantial") (citing *Hopkins v. Walker*, 244 U.S. 486, 489 (1917)). The removal of claims pled as state law claims is proper when they "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314.

11. NSX is an Atlanta-based flexographic platewash manufacturer whose co-founder and principal is the named inventor of the '921 patent. NSX uses the technology embodied in the '921 patent in its chemical solvent business. SCS's State Court Action is a retaliatory action lodged in response to NSX's Patent Infringement Action, and alleges that NSX's assertion of the '921 patent was conducted in bad faith. Tellingly, the parties are actively litigating the underlying patent infringement dispute in the Eastern District of Pennsylvania, and SCS, despite alleging the patent is being asserted in bad faith here in Georgia, has not made that argument in the Eastern District of Pennsylvania or even made a suggestion that the Patent Infringement Action lacks a good faith Fed. R. Civ. P. 11 basis.

12. The State Court Action thus raises issues of federal patent law that are actually disputed and substantial under *Gunn/Grable*, and are currently being actively litigated in the Eastern District of Pennsylvania. A finding of patent infringement in the Patent Infringement Action negates any potential that NSX asserted the '921 patent in bad faith. As the Federal Circuit has reasoned, prevailing on a claim premised on an "unfounded litigation" based on patent assertion requires the plaintiff to prove "non-infringement or invalidity of [Defendant's] patents," thus conferring federal jurisdiction under § 1338. *Maxchief*

4

*Investments Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134, 1140 n.3 (Fed. Cir. 2018). Similar state law claims premised on allegedly false statements about patents raised a substantial question of federal patent law, thus conferring jurisdiction under § 1338. *Id.* (citing *Forrester Envtl. Servs., Inc. v. Wheelabrator Techs., Inc.*, 715 F.3d 1329, 1334 (Fed. Cir. 2013)).

13. The allegations in the State Court Action hinge on issues of federal patent law. The '921 patent claims a particular composition for platewash solvents that include a mineral spirit with a particular aromatic content, an alcohol, and diisopropylbenzene ("DIPB"). *See* **Exhibit A** at ¶ 8. Certain of the '921 patent claims require only that these three components be present to infringe (*e.g.*, claims 11, 12, and 19).

14. In response to discovery requests that SCS served in the Patent Infringement Action, SCS admits that the patent claims cover "DIPB, Isopar L, and benzyl alcohol" **and** that the Accused Product contains exactly these three components: "DIPB, Isopar L, and benzyl alcohol." *See* September 11, 2025 Response to Plaintiff NSX Operating Co., LLC's First Set of Interrogatories (Nos. 1–10), attached as **Exhibit F**, at 2. Further, certain of the '921 patent claims recite that the components are present in "about" certain weight percentages (*e.g.*, claims 14, 16, 17, and 20). Discovery on SCS's formulations in the Patent Infringement

5

Action is ongoing, and NSX has alleged both direct literal infringement and infringement under the doctrine of equivalents. Issues of patent law thus must necessarily be decided to resolve the State Court Action. *See, e.g.*, *Adams Respiratory Therapeutics, Inc v. Perrigo Co.*, 616 F.3d 1283, 1291–93 (Fed. Cir. 2010) ("We previously determined that the doctrine of equivalents may apply to claims containing specific numeric ranges.") (collecting cases).

15. NSX has identified which claims it is alleging SCS infringes, as a direct infringer, under the doctrine of equivalents, and as an induced and/or contributory infringer. Discovery and claim construction proceedings are ongoing. Whether SCS infringes the '921 patent will necessarily be decided in the Patent Infringement Action, which will negate the allegations that SCS makes in the State Court Action.

16. The allegations in the State Court Action turn on substantive outcomes in the Patent Infringement Action. For example, SCS claims that NSX's February 18, 2025, infringement notification letter did not pinpoint a specific area of infringement. **Exhibit A** at ¶ 24(2)(a). Despite providing such information in its February 18, 2025, letter, NSX has also served Infringement Contentions in the Patent Infringement Action, exactly pointing out how and why SCS infringes the '921 patent, and as noted, SCS does not dispute that its Accused Product contains

6

the three components SCS admits are covered by the claims of the '921 patent. *See* **Exhibit F** at 2.

17. Next, SCS claims that *NSX* has failed to provide information regarding *SCS's* Accused Product, ECOWASH. **Exhibit A** at ¶ 24(2)(b). That is the very topic of discovery that NSX has propounded in the Patent Infringement Action—because it is SCS that holds the information about SCS's own Accused Product's formulation.

18. SCS claims that NSX's Infringement Contentions in the Patent Infringement Action are factually deficient, but SCS does not dispute that its Accused Product contains the components alleged to be included. **Exhibit A** at ¶ 24(2)(c); **Exhibit F** at 2. To the extent that SCS contends that the NSX's Patent Infringement Action Infringement Contentions are not supported, that is an allegation to be litigated in the Patent Infringement Action.

19. SCS claims, "upon information and belief" that NSX somehow failed to conduct a proper analysis comparing the '921 patent claims to the Accused Products or, alternatively, such an analysis was done but does not identify specific areas in which the products are covered by the claims in the patent. **Exhibit A** at ¶ 24(3). SCS further alleges that NSX has failed to provide information regarding "factual allegations" underpinning its patent assertion. *See* **Exhibit A** at ¶ 24(4).

Again, NSX has served Infringement Contentions with this information in the Patent Infringement Action, and alleged or perceived deficiencies can and should be litigated in that case.

20. SCS next alleges that NSX has provided an unreasonably short period of time to respond to its patent infringement notification letter. **Exhibit A** at ¶ 24(5). NSX filed its Patent Infringement Action well within the statute of limitations, and to the extent that SCS alleges any timing or laches defense, that would be litigated in the Patent Infringement Action.

21. Next, SCS claims that NSX's patent assertion is "meritless," and of course, a conclusion in the Patent Infringement Action that SCS infringes the '921 patent negates this allegation. **Exhibit A** at ¶ 24(6).

22. SCS claims that NSX's patent infringement allegation was "deceptive" for a number of reasons—all of which will be addressed and actually litigated in the Patent Infringement Action (*e.g.*, identifying which specific claims of the '921 patent SCS infringes). **Exhibit A** at ¶ 24(7).

23. Further, SCS alleges that NSX's protected right to communicate its ability to enforce its patents somehow creates liability. **Exhibit A** at ¶ 24(8). This is another reason why the State Court Action forms the basis of a "substantial" federal question—this allegation falls squarely within the Federal Circuit's

8

reasoning that claims of tortious interference appurtenant to a patent infringement assertion "would require [plaintiff] to prove non-infringement or invalidity of [defendant's] patents." *Maxchief*, 909 F.3d at 1140 n.3.

24. Ultimately, SCS has conceded that the '921 patent covers a composition with three components (DIPB, Isopar L, and benzyl alcohol) and that SCS's Accused Product contains those same three components (DIPB, Isopar L, and benzyl alcohol). **Exhibit F** at 2. Federal patent law is, therefore, central to this entire dispute, and the action satisfies the four-prong test for "arising under jurisdiction" recited in *Gunn,* 568 U.S. at 257-258.

25. In another action litigating the appropriateness of removal of a state law claim of bad-faith patent litigation to federal court, the United States District Court for the District of Idaho determined that the state law complaint necessarily raised issues of federal patent law and that those issues were actually disputed, under the first two prongs of *Gunn*. *Micron Tech, Inc. v. Netlist, Inc.*, 744 F. Supp. 3d 1115, 1122 (D. Idaho 2024). While the *Micron* court found that the third and fourth prongs of *Gunn* favored remand to state court, this decision is currently pending appeal at the Federal Circuit. *Micron Technology, Inc. v. Netlist, Inc.*, Case No. 2024-2281 (Fed. Cir.).

26. In *Micron*, the court reasoned that an issue of patent law was

9

necessarily raised—the first prong of *Gunn*—because the validity of the patent forming the basis of the underlying patent infringement action was at issue. *Id.* The Court reasoned that the Federal Circuit has made clear that success under a state bad-faith statute requires a plaintiff to show that the challenged assertion was "objectively baseless." *Id.* (citing *Globetrotter Software, Inc. v. Elan Comput. Grp., Inc.*, 362 F.3d 1367, 1376–77 (Fed. Cir. 2004)). This means that no reasonable litigant could realistically expect success on the merits, and that a plaintiff bringing a state-law bad-faith claim must make this showing even if objective baselessness is not otherwise an element of the state-law tort claim. *Id.* Otherwise, the claim is subject to federal preemption. *Id.* Questions of objective baselessness, in turn, revolve around patent validity and infringement, and clearly raise patent law issues. *Id.* (citing *Maxchief Investments Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134, 1140 n.3 (Fed. Cir. 2018)). The question of SCS's infringement of NSX's '921 patent is the central dispute of the State Court Action, and SCS has lodged counterclaims of invalidity and non-infringement. *See* **Exhibits C & D**.

27. In *Micron*, court reasoned that under the second prong of *Gunn*, an issue of patent law was disputed because the parties disputed the validity of the underlying patent. Consistent with the *Micron* decision on this prong, again, the

central dispute is SCS's infringement of NSX's '921 patent, and SCS has lodged counterclaims of invalidity and non-infringement. See **Exhibits C & D**.

28. In *Micron*, the court reasoned that the third prong of *Gunn*—whether the patent law issue is substantial—favored remand to the state court. The *Micron* court's decision rested in part on the fact that the underlying patent infringement case at issue between the state court litigants was stayed, "[t]hus, as it stands, there is no real-world result that an Idaho court could contradict a prior ruling in a federal case by ruling on [state-court plaintiff's] bad-faith claim." *Id.* at 1123. In contrast, the Patent Infringement Action is **not** stayed, heightening the possibility of inconsistent rulings—a finding of infringement in the Patent Infringement Action and a finding that very assertion was objectively baseless here. This is why the Federal Circuit determined it held jurisdiction over a matter concerning a state law consumer protection act relating to patent assertion, because whether "federal patent laws preempt or invalidate the [Vermont Consumer Protection Act] as applied has considerable significance beyond the current case." *Vermont v. MPHJ Tech. Investments, LLC*, 803 F.3d 635, 646 (Fed. Cir. 2015). And again, the *Micron* court's ruling is currently subject to appellate review. *Micron Technology, Inc. v. Netlist, Inc.*, Case No. 2024-2281 (Fed. Cir.). Given the possibility of an inconsistent ruling that NSX prevails on its infringement claim in the Patent

11

Infringement Action and yet could be found liable for bad faith assertion in the State Court Action presents the exact scenario under the third prong of *Gunn* that exclusive federal jurisdiction for patent cases was meant to prevent.

29. In *Micron*, the court reasoned that the fourth prong of *Gunn*—whether removal would disrupt the federal-state balance—favored remand to the state court. *Micron*, 744 F. Supp. 3d at 1124–25. This decision contrasts the Federal Circuit's decision in *Vermont*, finding instead that allowing "a state court to resolve a patent law preemption question risks inconsistent judgments between state and federal courts." *Vermont*, 803 F.3d at 646–47 (citations omitted). As applied herein, the possibility that NSX can prevail on its infringement assertion in the Patent Infringement Action and yet somehow be subject to a finding that that very assertion is objectively baseless in the State Court Action fundamentally disrupts the federal-state balance, and removal is appropriate. Again, the *Micron* court's contrary finding is on review. *Micron Technology, Inc. v. Netlist, Inc.*, Case No. 2024-2281 (Fed. Cir.).

30. In short, all four prongs of *Gunn* counsel that removal of the State Court Action is appropriate.

**Removal Pursuant to 28 U.S.C. § 1442(a)(2)**

31. This Court also has jurisdiction over this action under 28 U.S.C.

§ 1442(a)(2), which authorizes removal of a state-court action "against or directed to" (1) "[a] property holder" (2) "whose title is derived from any officer" of the United States or any agency thereof, (3) "where such action or prosecution affects the validity of any law of the United States." Each requirement applies here.

32. The State Court Action was commenced in Georgia State Court, and is directed at NSX, the holder of all right, title, and interest to the '921 patent, a property right granted by the Director of the United States Patent and Trademark Office. *Abbott Labs. v. Diamedix Corp.*, 47 F.3d 1128, 1130 (Fed. Cir. 1995) ("The [Patent Act] defines 'patentee' to include the party to whom the patent was issued and the successors in title to the patent"); *Consol. Fruit-Jar Co. v. Wright*, 94 U.S. 92, 96 (1876) ("A patent for an invention is as much property as a patent for land."). Thus elements (1) and (2) are met.

33. Under § 1442(a)(2), removal is appropriate when the object of a federal law "stands to be frustrated." *Town of Davis v. West Virginia Power & Transmission Co., Inc.*, 647 F. Supp. 2d 622, 627 (N.D.W. Va. 2007). Especially here, where NSX's appropriate patent infringement assertion negates the state law claim, removal is appropriate. *See also Bithorn v. Rosello-Gonzalez*, Case No. 01-2053 (DRD), 2002 WL 35633563, at *8–9 (D.P.R. Mar. 18, 2002) ("By raising a colorable federal defense, a defendant converts an otherwise nonremovable state

13

law action into one that falls within the federal court's jurisdiction."); *report and recommendation and recommendation adopted sub non. Benitez-Bithorn v. Rossello-Gonzalez*, 200 F. Supp. 2d 26 (D.P.R. 2002). This action would affect the validity of various United States laws, including those granting patent rights and the rights of enforcement. *See* 35 U.S.C. §§ 151, 271, 281, 282, and 287. The State Court Action seeks to restrict NSX from enforcing rights to which it is entitled to under the Patent Act.

34. While the *Micron* court held that the Idaho bad faith patent assertion statute at issue there did not "affect the validity of any federal law," *Micron*, 744 F. Supp. 3d at 1126, this was due to the specific concession that the plaintiff there was not seeking liability without a showing of "objective baselessness" in the underlying patent infringement allegation. SCS has made no such concession here. Moreover, the *Micron* court's ruling is subject to appeal, *see Micron Technology, Inc. v. Netlist, Inc.*, Case No. 2024-2281 (Fed. Cir.), and the Federal Circuit has not yet determined whether removal of a state law bad-faith patent assertion claim is subject to removal under § 1442(a)(2). *Vermont*, 803 F.3d at 651–652.

## Compliance with Removal Procedures

35. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) because it is filed within thirty (30) days after receipt by NSX, through service or

otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action is based.

36. Removal to the United States District Court for the Northern District of Georgia is appropriate because it is the "district court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a).

37. NSX is the only defendant in the State Court Action and it may therefore remove the action without the consent of any other party.

38. NSX is serving written notice of the filing of this Notice of Removal upon SCS and will cause a copy of this Notice to be filed the Superior Court of Fulton County, Georgia, in accordance with 28 U.S.C. § 1446(d).

39. All documents to be attached to a notice of removal pursuant to 28 U.S.C. § 1446(a) are attached as Exhibits.

40. NSX reserves the right to amend or supplement this Notice of Removal.

Accordingly, NSX removes to this Court the above-referenced State Court Action now pending in the Superior Court of Fulton County, Georgia, styled *Spring Coating Systems-Americas Corp. (d/b/a Spring Coating Systems USA and Spring Coating Systems) v. NSX Operating Co., LLC*, Civil Action No. 25-cv-014681 (Sup. Ct. Ga.).

DATED: November 19, 2025      By: */s/Samhitha Medatia*
Samhitha Medatia
Georgia Bar No. 432323
D. Brian Shortell, Ph.D.
Georgia Bar No. 643933
**Ballard Spahr LLP**
999 Peachtree Street, NE
Suite 1600
Atlanta, Georgia 30309
Telephone: (678) 420-9300
medatias@ballardspahr.com
shortelld@ballardspahr.com

*Counsel for Defendant NSX Operating Co., LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2025, I caused the foregoing Notice of Removal to be electronically filed with the Clerk of Court using the CM/ECF system, and caused a copy to served to:

John L. North
Georgia Bar No. 545580
jnorth@taylorduma.com
Jeffrey R. Kuester
Georgia Bar No. 429960
jkuester@taylorduma.com
TAYLOR DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Tel.: (770) 434-6868

/s/ *Samhitha Medatia*
Samhitha Medatia
Georgia Bar No. 432323
**Ballard Spahr LLP**
999 Peachtree Street, NE
Suite 1600
Atlanta, Georgia 30309
Telephone: (678) 420-9300
medatias@ballardspahr.com